IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CASE NO. 6:22-CR-00010-H-BU |
| | § § | |
| BOBBY JOSIAH GASCA (1) | § | |

## REPORT AND RECOMMENDATION ON PLEA OF GUILTY
## BEFORE UNITED STATES MAGISTRATE JUDGE

Defendant, BOBBY JOSIAH GASCA (1), by consent and under the authority of *United States v. Dees*, 125 F.3d 261 (5th Cir. 1997), appeared with counsel before the undersigned United States magistrate judge for the purpose of entering a plea of guilty under Rule 11 of the Federal Rules of Criminal Procedure.

Defendant was placed under oath and personally examined in open court by the undersigned concerning the subjects in Rule 11(b)(1) and the undersigned determined that Defendant understood each subject.

Defendant pleaded guilty, under a plea bargain agreement with the government, to Count One of the two-count Indictment charging Defendant with a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D) - Possession with Intent to Distribute Marijuana. After examining Defendant under oath, the undersigned magistrate judge finds the following:

   1. Defendant, upon advice of counsel, has consented orally and in writing to enter this guilty plea before a magistrate judge subject to final approval and sentencing by the presiding district judge;

   2. Defendant fully understands the nature of the charges, including each essential element of the offense(s) charged, and the associated penalties;

   3. Defendant fully understands the terms of the plea agreement and plea agreement supplement;

4. Defendant understands all constitutional and statutory rights and wishes to waive those rights, including the right to a trial by jury and the right to appear before a United States district judge;

5. Defendant's plea is made freely and voluntarily;

6. Defendant is competent to enter this plea of guilty;

7. There is a factual basis for Defendant's plea of guilty; and

8. The ends of justice are served by acceptance of Defendant's plea of guilty.

Based on the above, I recommend that Defendant's plea of guilty be accepted, that Defendant be adjudged guilty, and that sentence be imposed accordingly.

The undersigned notes that the plea agreement contains a Rule 11(c)(1)(C) agreement stipulating that a specific sentence or sentencing range is the appropriate disposition of the case. *See* Fed. R. Crim. P. 11(c)(1)(C). The undersigned specifically examined Defendant concerning this Rule 11(c)(1)(C) agreement. Thereafter, Defendant acknowledged understanding that the district judge is not bound by this agreement, but that if the district judge chooses not to follow that agreement, the district judge will provide Defendant the opportunity to withdraw his plea of guilty. However, if Defendant chooses not to withdraw his plea of guilty under those circumstances, Defendant expressed understanding that the district judge may impose a more severe sentence without being bound by the terms of the Rule 11(c)(1)(C) agreement. Therefore, if the court accepts this Report and Recommendation on Plea of Guilty, and adjudges Defendant guilty, it is the further recommendation of the undersigned that the district judge reserve judgment on accepting the plea agreement until after the Presentence Report is completed and the sentencing hearing is conducted.

Although I have conducted these proceedings and accepted Defendant's plea of guilty, the United States district judge has the power to review my actions and possesses final decision-making authority in this proceeding. Thus, if Defendant has any objections to these findings or any other action of the undersigned, he is required to make those known to the United States district judge within fourteen (14) days of today.

The Clerk will furnish a copy of this Order to each of attorney of record.

Signed on: 16th day of November, 2022.

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE